UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRIS JONATHAN EPPERSON,

                          Plaintiff,

            -against-                                    21-CV-2176 (CM)

UNITED STATES; GEOFFREY S. BINNEY; BILL          ORDER OF DISMISSAL
CLINTON; BARAC OBAMA; DONALD
TRUMPH; JOE BIEDON,

                          Defendants.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Chris Jonathan Epperson, a citizen of California appearing *pro se*, brings this

action alleging that Defendants violated his rights. By order dated March 31, 2021, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

(IFP).[1] For the reasons set forth below, the Court dismisses the complaint.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

---

[1] Plaintiff filed this action without the filing fees or an IFP application. By order dated
March 15, 2021, the Court directed Plaintiff to pay the filing fees or submit a completed and
signed IFP application. (ECF No. 2). Plaintiff complied with the Court's order on March 29,
2021. (ECF No. 3.)

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a

finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous'

when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an

indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court.

Plaintiff did not check the boxes on the form to indicate whether he invokes the Court's federal

question or diversity jurisdiction. In the section in which he is asked to indicate which of his

federal constitutional or federal statutory rights have been violated, he lists the following

statutes: "18 U.S.C. 30, 18 U.S.C. 31, 18 U.S.C. 41" (ECF No. 1 at 2.)

Plaintiff lists the place of occurrence as "50 U.S.C. 2271," and the date of occurrence as

"1951." (*Id.* at 5.)

In the Facts section, of the complaint form Plaintiff writes:

Encounter Espionage

Repeal 1948

Article III Section 2

Article II Section 3

Article 1 Section 4

Embezzlement

Extortion Threats

(*Id.* at 5-6.)

In the section in which Plaintiff is asked to describe his injuries, he writes, "Pharmaceutical kickbacks[,] Unecessary [sic] Test[,] Kickback scheme." (*Id.* at 6.) In the section in which Plaintiff is asked to state the relief he seeks, he writes "Local Rule 83:19[,] Rule 11[,] 100 million damages[.]" (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

A review of the Court's records reveals that Plaintiff previously filed a case in this Court that was dismissed as frivolous. *See Epperson v. Alabama Sec. of State*, No. 19-CV-3883 (LLS) (S.D.N.Y. May 23, 2019). Ten days prior to filing this action, Plaintiff filed another action in this Court against the United States and Geoffrey S. Binney. *See Epperson v. United States*, No. 21-CV-1849 (CM) (filed Mar. 2, 2021). Plaintiff filed that action without the filing fees or an IFP application. By order dated March 16, 2021, the Court directed Plaintiff to pay the filing fees or

submit a completed and signed IFP application. *Id.* at ECF No. 2. To date, Plaintiff has not complied with the Court's order in that case.

Plaintiff is warned that if he abuses the privilege of proceeding IFP, he may be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this Court without prior permission. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements.)

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 1, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge